In re Harry Dean COLYER, Petitioner.

No. 15–3442.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Nov. 24, 2015.

Filed: Dec. 16, 2015.

Harry Dean Colyer, Marienville, PA,
pro se.

Richard A. Consiglio, Esq., Blair County
Office of District Attorney, Hollidaysburg,
PA, for Superintendent Forest SCI.

Before: FUENTES, KRAUSE and
SCIRICA, Circuit Judges.

OPINION *

PER CURIAM.

Harry Dean Colyer is a Pennsylvania
prisoner proceeding pro se. In April 2014,
Colyer filed a petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2254 in the
United States District Court for the West-
ern District of Pennsylvania. The matter
was assigned to a Magistrate Judge who
ordered the Commonwealth to show cause
why the writ should not be granted. *See*
Rule 4 of the Rules Governing Section

2254 Cases. The Commonwealth submit-
ted its answer in June 2014, and Colyer
submitted a reply the following month.

In October 2015, Colyer filed the pres-
ent petition for writ of mandamus asking
this Court to compel the District Court to
rule on his habeas petition.[1] Shortly after
the mandamus petition was docketed here,
the Magistrate Judge issued a report rec-
ommending that the petition be denied.[2]
As of the date of this opinion, the District
Court has not yet ruled on the petition.

Our jurisdiction derives from 28 U.S.C.
§ 1651, which grants us the power to "is-
sue all writs necessary or appropriate in
aid of (our) . . . jurisdiction and agreeable
to the usages and principles of law." A
writ of mandamus is an extreme remedy
that is invoked only in extraordinary situa-
tions. *See Kerr v. U.S. Dist. Court,* 426
U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d
725 (1976). An appellate court may issue a
writ of mandamus when an "undue delay is
tantamount to a failure to exercise juris-
diction," *Madden v. Myers,* 102 F.3d 74, 79
(3d Cir.1996), *superseded in part on other
grounds by* 3d Cir. L.A.R. 24.1(c), but a
district court generally retains discretion
over the manner in which it controls its
docket, *In re Fine Paper Antitrust Litig.,*
685 F.2d 810, 817 (3d Cir.1982).

We recognize Colyer's concern that no
action had been taken in his case for over
a year. However, given that the Magis-
trate Judge has now issued a Report and
Recommendation, we are confident that
the District Court will review the Report
and Recommendation and adjudicate the

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. Colyer initially filed this mandamus petition
in the United States District Court for the
Western District of Pennsylvania. The Dis-
trict Court subsequently transferred it here.
*See* 28 U.S.C. § 1631.

2. The Magistrate Judge also denied a letter-
motion that Colyer addressed to the District
Court Clerk in March 2015 requesting a
"more timely disposition" of his petition.
(Mot. 1, ECF No. 7.)

habeas petition in a timely manner. *See* 28 U.S.C. § 636(b)(1). Therefore, we conclude that our intervention is not warranted at this time.

Accordingly, we will deny the mandamus petition.